UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AEP RIVER OPERATIONS LLC | CIVIL ACTION |
| VERSUS | NO. 09-1558 |
| THE CARGOES OF COAL, ETC. | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on motion to dismiss certain claims and/or for partial summary judgment filed by AEP River Operations LLC ("AEP River") and motion to dismiss and/or for summary judgment filed by AEP Elmwood LLC ("AEP Elmwood"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the following reasons.

AEP River filed this maritime action under Rules C and B of the Supplemental Rules for Admiralty and Maritime claims against cargoes of coal loaded on the plaintiff's barges and owned by *in personam* defendant, Emerald International Corporation ("Emerald"), claiming freight and demurrage allegedly owed under a contract between the parties. (Rec. Doc. 10). Emerald counterclaimed against AEP River and filed a third party complaint against parties including AEP Elmwood LLC ("AEP Elmwood") for breach of contract and violation of the Louisiana Unfair Trade

Practices Act, La. Rev. Stat. § 51:1401, *et seq.* ("LUTPA"). (Rec. Doc. 27). In these motions, AEP River and AEP Elmwood seek dismissal of the LUTPA claims for lack of standing.

The motions are based on the undisputed facts that Emerald is neither a direct consumer nor a business competitor of either the plaintiff or AEP Elmwood, as required under *Tubos de Acero de Mexico, S.A. v. American Int'l Investment Corp., Inc.*, 293 F.3d 471, 480 (5th Cir. 2002). Emerald argues that it is a "person" and a "consumer" for purposes of the LUTPA claim, and that the right of action is not limited to consumers and business competitors.[1] (Rec. Doc. 76, p. 7). It also argues that the motion is premature due to lack of discovery.[2]

The Court first addressed the issue presented in this motion in *Hamilton v. Business Partners, Inc.*, 938 F.Supp. 370 (E.D.La. 1996), and more recently in *Sudo Properties, Inc. v. Terrebonne Parish Consolidated Government*, 2008 WL 2623000 (E.D.La.). On both occasions, this Court recognized that the jurisprudential limitation of the LUTPA to consumers and competitors has been adopted by the Fifth Circuit, and found

---

[1] The Court has only been able to locate the reference directed to the "person" issue in Emerald's pleadings.

[2] No specification as to how or what discovery would affect the issue presented in this motion is provided. Fed. R. Civ. P. 56(f). The Court notes that the breach of contract claim against the movers is unaffected by this motion.

that any reconsideration of this rule should come from the Fifth Circuit. *Id.* at *5.

As in *Sudo*, Emerald offers caselaw in support of a change in this law, especially caselaw from the Louisiana First Circuit and Second Circuit.[3] See, e.g., *Plaquemine Marine, Inv. v. Mercury Marine*, 859 So.2d 110, 117 (La. App. 1st Cir. 2003); *A&W Sheet Metal, Inc. v. Berg Mechanical, Inc.*, 653 So.2d 158, 163-164 (La. App. 2nd Cir. 1995). The movers argue the existence of split opinions in those circuits, and argue that the cases otherwise do not meet the Fifth Circuit requirements for overturning its precedent as set forth in *F.D.I.C. v. Abraham*, 137 F.3d 264, 269(5th Cir. 1998). This Court agrees with the argument advanced by AEP River and AEP Elmwood.

*Abraham* advises that a panel opinion should be followed by other panels despite confusion in state law unless there is a subsequent state court decision or statutory amendment which renders the panel opinion "clearly wrong." *Id.* at 269, *quoting Broussard v. Southern Pacific Transportation Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982)(en

---

[3] The Court disagrees with Emerald's assessment of the Louisiana Third Circuit's holding in *Indest-Guidry, Ltd. v. Key Office Equipment, Inc.*, 997 So.2d 796 (La. App. 3rd Cir. 2008), which this Court reads as determining the distinct issue whether a consumer must be a natural person under the LUTPA and in which the court acknowledged that it "has limited its interpretation of the LUTPA provisions to provide recovery only to those who are direct consumers or business competitors." *Id. at 806*. The rule in the Louisiana Fourth Circuit and Louisiana Fifth Circuit appears to be clear and contrary to Emerald's reading. *See, e.g., Philips v. Berner*, 789 So.2d 41,11-12 (La. App. 4th Cir. 2001); *Sportsman's Cove, Inc. v. Brunswick Corp.*, 845 So.2d 1231 (La. App. 5th Cir. 2003). Emerald's reliance on cases in which the issue was not directly discussed is not persuasive.

*banc).*

> We conclude then, that when our *Erie* analysis of controlling state law is conducted for the purpose of deciding whether to follow or depart from prior precedent of this circuit, and neither a clearly contrary subsequent holding of the highest court of the state nor a subsequent statutory authority, squarely on point, is available for guidance, we should not disregard our own prior precedent on the basis of subsequent intermediate state appellate court precedent unless such precedent comprises unanimous o near-unanimous holdings from several – preferably a majority – of the intermediate appellate courts of the state in question.

*Abraham*, 137 F.2d at 269. In finding that Emerald's showing falls short of this mark, the Court notes that the Fifth Circuit has recently affirmed its holding in *Knatt v. Hospital Service Dist. No. 1 of Baton Rouge*, 2009 WL 1311544 at *5 (5th Cir. May 12, 2009): "To have standing to bring a private action under LUTPA, the plaintiff must be a direct consumer or business competitor of the defendant."[4]

IT IS ORDERED that the motion to dismiss certain claims and/or for partial summary judgment filed by AEP River Operations LLC and the motion to dismiss and/or for summary judgment filed by AEP Elmwood LLC are GRANTED. (Rec. Docs. 60, 62).

---

[4] The Court notes that Emerald ends with a general conspiracy argument. However, it has not alleged how standing as a consumer or competitor is conferred on Elmwood by virtue of any alleged conspiracy by the remaining parties to this suit. (Rec. Doc. 88, p. 4).

4

New Orleans, Louisiana, this 6th day of July, 2009.

                                                      HELEN G. BERRIGAN  
                                                     UNITED STATES DISTRICT JUDGE